**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4143**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEMIAH WYATT SANDERS, JR.,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00059-LCB-1)

───────────────

Submitted:  June 24, 2024                    Decided:  July 18, 2024

───────────────

Before DIAZ, Chief Judge, NIEMEYER, Circuit Judge, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF**: William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  John McRae Alsup, Assistant United States Attorney, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lemiah Wyatt Sanders, Jr., pled guilty, pursuant to a written plea agreement, to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to a total term of 168 months' imprisonment. Sanders appealed, and we determined that Sanders had validly waived his right to appeal, granted the Government's motion to dismiss as to all issues that fell within the scope of Sanders' appeal waiver, and affirmed Sanders' convictions. *United States v. Sanders*, No. 19-4230, 2022 WL 989354 (4th Cir. Apr. 1, 2022). However, we vacated Sanders' sentence and remanded for resentencing pursuant to *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020), because the district court failed to orally announce at the sentencing hearing all of the nonmandatory conditions of supervised release that were included in the written judgment. *Id.*

On remand, the district court conducted a full resentencing hearing and resentenced Sanders to a total term of 148 months' imprisonment. The court also orally pronounced or incorporated all of the nonmandatory conditions of supervised release to which Sanders would be subjected. Sanders now appeals from the amended criminal judgment entered on remand. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Sanders' sentence is reasonable. Sanders was informed of his right to file a pro se supplemental brief, but he has not done so. The Government again moves to dismiss Sanders' appeal

2

pursuant to the appellate waiver in his plea agreement.  We affirm in part and dismiss in part.

After a thorough review of the record in Sanders' first appeal, we determined that Sanders had knowingly and voluntarily waived his right to appeal and thus concluded that his appeal waiver was valid and enforceable.  This holding became "the law of the case" and "continue[s] to govern the same issue[]" here.  *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (internal quotation marks omitted).  Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing issue raised by *Anders* counsel.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Sanders' valid appellate waiver.  We therefore affirm the remainder of the district court's judgment.  This court requires that counsel inform Sanders, in writing, of the right to petition the Supreme Court of the United States for further review.  If Sanders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Sanders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3